APR 13 '09 AM 11:28 USB

| B104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|
| **PLAINTIFFS** James & Tracy McKay | **DEFENDANTS** Francis Richard Buzderewicz | |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Tanowitz Law Office  Ellen Rappaport Tanowitz 199 Wells Ave., Suite 201  BBO# Newton, MA 02459  630710 617-965-1130 | **ATTORNEYS** (If Known) Richard Ravosa, Esq Town + Country Legal Assoc. LLC 1 South Ave, Natick MA 02760 | |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to object from discharge under 11 USC §523(a)(2)(A) based on fraud of debtor (defendant)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☐ 454 To recover money or property
- ☐ 435 To determine validity, priority, or extent of a lien or other interest in property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☑ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of the foregoing of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS** (Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ 45,000.00 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Francis Richard Buzderewicz | BANKRUPTCY CASE NO. 09-10285 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING MASSACHUSETTS | DIVISIONAL OFFICE EASTERN | NAME OF JUDGE FEENEY |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**   (Check one box only.)   ☑ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE 4/13/09 | PRINT NAME Ellen Rappaport Tanowitz | SIGNATURE OF ATTORNEY (OR PLAINTIFF) Ellen Rappaport (T) |
|---|---|---|

APR 13 '09 AM 11:29 USB

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

| | |
|---|---|
| In re:<br>FRANCIS RICHARD BUZDEREWICZ<br><br>Debtor. | Chapter 7 Case. No.<br>09-10285 JNF |
| JAMES AND TRACY MILKAY.<br>Plaintiff,<br><br>v.<br><br>FRANCIS RICHARD BUZDEREWICZ,<br>Defendant. | Adversary Proceeding<br>No. |

## COMPLAINT TO EXCEPT DEBT FROM DISCHARGE

James and Tracy Milkay (collectively the "Milkays") commence this action against Debtor Francis Richard Buzderewicz ("Buzderewicz") seeking a determination that the debt owed to the Milkays in an amount to be determined, is excepted from discharge, pursuant to 11 U.S.C. § 523(a)(2)(A). In support of their complaint, the Milkays state:

### JURISDICTION AND VENUE

1. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) arising under §523 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334(a). Venue is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

3. Buzderewicz is an individual who resides at 38 Pine Street, Chelsea, MA 02150.

4. Plaintiffs, James and Tracy Milkay, are individuals with a current address of 17 Brimbal Ave, Beverly, MA 01915.

## FACTS

5. On January 15, 2009, Buzderewicz filed a petition for relief under Chapter 7 of the Code.

6. In or about 2006, the Milkays got in touch with Buzderewicz and his company Exterior Contracting Company, Inc. ("Exterior") after finding their names on the James Hardie Building Products, Inc. website to discuss the replacement of the Milkays' siding on their home.

7. In or about January 2006, Buzderewicz represented to the Milkays that he and his crew were experienced installers of James Hardie products (referred to herein as the "Product"). He represented to the Milkays that he was an authorized fiber cement installer of said Product.

8. Buzderewicz represented that he and his crew knew how to lace the corners of the siding.

9. On or about February 21, 2006 the Milkays entered into a contract with Exteriors for fiber cement siding, priming and painting of the house trim, windows and door casings, as well as re-glazing some of the windows prior to painting. ("the Project"). The contract stated that, "All work to be completed in a workmanlike manner according to standard practices".

10. Prior to the execution of the contract, Buzderewicz represented to the Milkays that he would visit the site daily and that a foreman would be at the site every day. Buzderewicz did not come to the site daily; he came only to demand a payment. In addition, there was no foreman for the Project.

11. The Project was estimated to take six weeks beginning March 15, 2006 and ending April 30, 2006. Buzderewicz did not pull a permit until April 19, 2006, after which work commenced.

12. On May 22, 2006, installation of the siding began. The Milkays immediately noticed

problems with the work, including crooked courses, exposed keyways (due to exceeding the maximum exposure of the shingle), improper joint spacing (causing seams to be almost in-line with each other), pattern repetition and the corners not being laced properly.

13. Neither Buzderewicz, nor his company, were experienced installers of the Product. They had to remove all the siding they installed on their first day due to the problems enumerated above.

14. A second attempt to install the siding was made. The second attempt was no better than the first. The crew continued to work and attempted to side the house until the end of July 2006, approximately 14 weeks after the permit was pulled.

15. The Milkays showed the crew the James Hardie installation instructions for the Product and they appeared to have never seen them before. The installation crew was not familiar with the instructions for the Product.

16. Upon information and belief, neither Buzderewicz, nor his company, had ever installed the Product before.

17. The Milkays filed a lawsuit against Buzderewicz in Essex Superior Court as an appeal from a home improvement arbitration (Chapter 142A § 4) in or about the fall of 2007. This Bankruptcy was filed during the pendency of this action, but after default was entered against Buzderewicz.

### CLAIMS FOR RELIEF

### COUNT I

### (Exception from Discharge- 11 U.S.C. § 523(a)(2)(A))

18.  The Milkays repeat and reallege Paragraphs 1 through 17 as if fully set forth herein.

19.  In order to induce the Milkays to enter into a contract to have Buzderewicz perform work at their home, he misrepresented his qualifications and those of Exterior.

20. Buzderewicz falsely represented to the Milkays that he had the ability to perform the

3

work he proposed to do for them.

21. Buzderewicz falsely represented his role in the Project and how the Project would be staffed and managed.

22. The Milkays have been damaged by Buzderewicz's misrepresentations.

23. By reason of the foregoing, Buzderewicz is liable to the Milkays in an amount to be determined by the Court, which is a debt for property obtained by false pretenses, a false representation and actual fraud.

WHEREFORE, James and Tracy Milkay respectfully request that this Court:

(a) Enter judgment for James and Tracy Milkay and against Francis Buzderewicz, and find that the obligation is nondischargeable;

(b)   Award costs, and

(c)   Order such other relief as is just and proper.

Respectfully submitted this 13th day of April, 2009.

JAMES AND TRACY MILKAY,
By their attorneys,

Ellen Rappaport Tanowitz (630710)
199 Wells Ave, Suite 201
Newton, MA 02459
617-965-1130

## CERTIFICATE OF SERVICE

I, Ellen Rappaport Tanowitz, hereby state that I have served a copy of this complaint upon the following via first class mail, postage pre-paid on 4/13/09.

Richard Ravosa, Esq.,
Town & Country Legal Assoc. LLC
1 South Ave
Natick, MA 01760

Gary Cruickshank
Law Office of Gary Cruickshank
21 Custom House St
Suite 920
Boston, MA 02110

_____
Ellen Rappaport Tanowitz

APR 13 '09 AM 11:29 USB